UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| CHARLES V. COOK, SR., | ) | CASE NO. 14 B 36424 |
| | ) | |
| DEBTOR. | ) | HONORABLE LASHONDA A. HUNT |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **Wednesday, July 5, 2017, at 10:00 a.m.**, I shall appear before the Honorable LaShonda A. Hunt, Bankruptcy Judge, in Courtroom 719, Dirksen Federal Courthouse, 219 S. Dearborn, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in her place and present the **UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AND OTHER RELIEF**, a copy of which is attached and is served on you.

/s/ Jeffrey S. Snell
Jeffrey S. Snell, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
Telephone: (312) 886-0890
Fax: (312) 886-5794
Email: Jeffrey.Snell@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Snell, state that pursuant to Local Rule 9013-1(D) the above **Notice of Motion** and the appended **UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AND OTHER RELIEF** were filed on June 26, 2017, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent in the manner indicated below to the address(es) indicated before 5:00 p.m. on June 26, 2017.

/s/ Jeffrey S. Snell

## **SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice For Registrants**

- Ira Bodenstein    iratrustee@shawfishman.com, IL29@ecfcbis.com;cowens@shawfishman.com
- David Gallagher    dgallagher@uprightlaw.com, dgallagher@lawsolutionsbk.com notices@lawsolutionsbk.com

**Parties Served via First Class Mail:**

Charles V. Cook, Sr.
19821 Monterey Avenue
Lynwood, IL 60411

Nissan Motor Acceptance Corporation
PO BOX 660366
Dallas, TX 75266

Kevin Chern
UpRight Law LLC
79 W. Monroe Street Fifth Floor
Chicago, IL 60603-4901

Jason R. Allen
Law Solutions Chicago LLC
79 W Monroe 5th Floor
Chicago, IL 60603-4901

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| CHARLES V. COOK, SR., | ) | CASE NO. 14 B 36424 |
| | ) | |
| DEBTOR. | ) | HONORABLE LASHONDA A. HUNT |

**UNITED STATES TRUSTEE'S MOTION FOR SANCTIONS AND OTHER RELIEF**

NOW COMES PATRICK S. LAYNG, the United States Trustee for Region 11 (hereinafter, "the U.S. Trustee"), by his attorneys, Jeffrey S. Snell and Ha Nguyen, and under 11 U.S.C. §§ 105 and 526 moves this Court to impose sanctions and afford other relief against Law Solutions Chicago LLC and attorneys David Gallagher, Jason Allen, and Kevin Chern. In support of his request, the U.S. Trustee states to the Court as follows:

1. This is a core proceeding concerning the administration of the estate under 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine under Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. The instant case was commenced by debtor Charles V. Cook, Sr. (hereinafter, "the Debtor"), with the filing of his voluntary chapter 7 petition (the "Petition") on October 7, 2014.

3. The Debtor was represented by attorney David Gallagher in this chapter 7 case. According to the Petition, Gallagher is an attorney with Law Solutions Chicago LLC.

4. Law Solutions Chicago LLC is a limited liability company organized under the laws of Illinois.

5. Upright Law LLC is an assumed name used by Law Solutions Chicago LLC.[1] Through the assumed name Upright Law LLC, Law Solutions Chicago LLC and its affiliated entities operate a nationwide law practice focused primarily on representation of consumer bankruptcy debtors (hereinafter referred to as "Upright Law").[2]

6. Kevin Chern is the "managing partner" of Upright Law.

7. Jason Allen is a partner of Upright Law and runs the firm's day-to-day operations.

8. Upright Law is a debt relief agency, as that term is defined in 11 U.S.C. § 101(12A).

9. The Debtor is an "assisted person" as that term is defined in 11 U.S.C. § 101(3).

---

[1] In Illinois, Law Solutions Chicago LLC utilizes the following assumed names: Jason Allen Law LLC; Upright Law LLC; and Allen & Associates, LLC.

[2] Upright Law is headquartered in Chicago, Illinois, and maintains a website through which legal services are advertised to prospective clients throughout the United States. When individuals within the Chicagoland area seek assistance through Upright Law, legal services are provided through Upright Law employees, such as Gallagher. When individuals outside of the Chicagoland area seek assistance from Upright Law, legal services are provided through a combination of the efforts of Upright Law employees based in Chicago and a "partner" attorney in the client's jurisdiction. Upright Law employees help debtors select a chapter under which to file, quote a fee, and gather basic information from clients by phone and email. Upright Law is also responsible for the collection and disclosure of fees, including preparation of the Rule 2016(b) compensation disclosure. At some point, Upright Law "hands off" the client's file to the local "partner" attorney, at which time such attorney prepares the majority of the documents filed with the Court. Upright Law's local "partners" are not partners in the traditional sense, in that they are paid a set fee by Upright Law for each case they handle and they often maintain their own separate practice completely independent of Upright Law.

2

**THE DEBTOR'S BANKRUPTCY FILING**

10. On October 7, 2014, accompanying his Petition, the Debtor filed his sworn Schedules A-J and Statement of Financial Affairs ("SOFA"). (Copies of the Petition, Schedules, SOFA, and Rule 2016 disclosure are attached as Exhibit 1.)

11. On October 7, 2014, Gallagher filed his Rule 2016 disclosure and one page of what appears to be a multi-page retention agreement. (*See* id., pp. 38-39.)

12. In Schedule B, the Debtor reported on Line 21 that he had no contingent and unliquidated claims of any nature. (*See* id., p. 10.)

13. In the SOFA, the Debtor reported:

   a. In response to Question 1, that his non-filing spouse's income from employment or operation of business in 2014 was $1 (*see* id., p. 28);

   b. In response to Question 2, that his income from sources other than employment or operation of business in 2014 was $22,639, attributable entirely to SSI benefits (*see* id.);

   c. In response to Question 4, that he was a party to only one lawsuit within the year preceding the bankruptcy filing, *Capital One Bank (USA), N.A., v. Charles V. Cook*, Case No. 14 M1 116725, then-pending in the Circuit Court of Cook County (*see* id., p. 29); and

   d. In response to Question 10, that his only transfer outside of the ordinary course of business or financial affairs within the two years preceding the

3

    bankruptcy filing was the trade-in of an automobile on July 21, 2012 (*see* id., p. 31).³

14. On November 21, 2014, the Debtor appeared for the meeting of creditors held pursuant to 11 U.S.C. § 341 (the "341 Meeting"). (A transcript of the 341 Meeting is attached as Exhibit 2.) During the 341 Meeting, chapter 7 trustee Ira Bodenstein (the "Chapter 7 Trustee") asked the Debtor if anyone owed him money. In response to this inquiry, the attorney representing the Debtor at the meeting, Emily Wood, stated that there was a "possible FDCPA claim." (*See* Exhibit 2, at 4:22-5:10.)

15. On November 24, 2014, the Chapter 7 Trustee filed his Report of No Distribution.

16. On November 24, 2014, **after** the Report of No Distribution was filed, the Debtor filed amended Schedules B and C. (Copies of the amended Schedules B and C are attached as Exhibit 3.) In his amended Schedule B, the Debtor disclosed an "FDCPA Settlement" with a value of $1,000 on Line 21, and in his amended Schedule C, the Debtor claimed this asset as exempt. The amended Schedules B and C are signed by the Debtor and dated November 21, 2014.

17. On January 21, 2015, the Debtor received a Chapter 7 discharge.

---

³ If the date in the SOFA is correct, this trade-in actually occurred outside the two-year window covered by Question 10 of the SOFA.

4

## THE DEBTOR'S FDCPA LAWSUITS

18. In the Debtor's SOFA, he omitted two lawsuits in which he was the plaintiff in the year period preceding his bankruptcy filing. In both of these undisclosed lawsuits, the Debtor was represented by Upright Law attorneys.

*a. Cook v. Rushmore*

19. On June 6, 2014, the Debtor commenced *Charles Cook v. Rushmore Service Center, LLC*, Case No. 14-cv-04180 (hereinafter, "*Cook v. Rushmore*"), with the filing of his complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") in the United States District Court for the Northern District of Illinois. (A copy of the complaint commencing *Cook v. Rushmore* is attached as Exhibit 4.)

20. The complaint commencing *Cook v. Rushmore* was filed by Upright Law attorney David P. Leibowitz.

21. On July 14, 2014, the Debtor filed his First Amended Complaint through Upright Law attorney David B. Levin.[4] (A copy of the First Amended Complaint is attached as Exhibit 5.)

22. In or around August of 2014, defendant Rushmore Service Center, LLC paid approximately $3,500 to settle the suit (the "Rushmore Settlement"), and on August 21, 2014, the Debtor filed a Notice of Voluntary Dismissal. (A copy of the notice of voluntary dismissal is attached as Exhibit 6.)

23. *Cook v. Rushmore* was never disclosed in the Debtor's bankruptcy Schedules or SOFA. While amended Schedules B and C were filed after the Chapter 7 Trustee's Report of No Distribution, those amended schedules refer to a $1,000 FDCPA Settlement, which, presumably,

---

[4] The U.S. Trustee believes that Levin is no longer employed by Upright Law.

5

is a settlement different from the $3,500 Rushmore Settlement. The SOFA was not amended to disclose the lawsuit.

### b. *Cook v. Praxis*

24. On June 30, 2014, the Debtor commenced *Charles Cook v. Praxis Financial Solutions, Inc.*, Case No. 14-cv-04916 (hereinafter, "*Cook v. Praxis*"), with the filing of his complaint alleging violations of the FDCPA in the United States District Court for the Northern District of Illinois. (A copy of the complaint commencing *Cook v. Praxis* is attached as Exhibit 7.)

25. The complaint commencing *Cook v. Praxis* was filed by David B. Levin, an attorney then-practicing with Upright Law.

26. After defendant Praxis Financial Solutions, Inc. failed to answer, the Debtor filed a motion for default judgment on October 20, 2014.

27. On October 23, 2014, the Debtor's motion for default was granted, and a prove-up hearing was scheduled for November 20, 2014.

28. The prove-up hearing was held November 20, 2014, and, after the hearing, the following was entered on the docket:

> MINUTE entry before the Honorable Samuel Der-Yeghiayan: Prove-up hearing held. Plaintiff's request for default judgment in sum certain is granted. Judgment is hereby entered in favor of Plaintiff and against Defendant in the total amount of $5,132.50. Counsel for Plaintiff to provide the Court with a proposed draft judgment order consistent with this Court's ruling. Mailed notice (mw,) (Entered: 11/20/2014)

(Case No. 1:14-cv-04916, Dkt. No. 16.)

29. On December 1, 2014, a judgment order was entered in favor of the Debtor in the amount of $5,132.50 (the "Praxis Judgment"). The Praxis Judgment was comprised of $1,000 in

6

actual damages, $1,000 in statutory damages, $2,672.50 for attorneys' fees, and $460 for costs. (A copy of the Praxis Judgment is attached as Exhibit 8.)

30.     *Cook v. Praxis* was never disclosed in the Debtor's bankruptcy case. This claim was property of the estate under 11 U.S.C. § 541, but the Debtor never consulted the Chapter 7 Trustee regarding this asset. Neither Levin nor any other Upright Law attorney was ever employed by the estate under 11 U.S.C. § 327 or conferred authority to continue to litigate the claim after the bankruptcy filing on October 7, 2014.

31.     Upon information and belief, the Praxis Judgment was satisfied in or around April of 2015. Upon information and belief, Upright Law collected payment for its efforts with respect to this undisclosed asset.

### UPRIGHT LAW'S PATTERN AND PRACTICE WITH RESPECT TO INACCURATE DISCLOSURES OF FDCPA LAWSUITS

32.     The Schedule Bs and SOFA prepared and filed by Gallagher in this case are materially inaccurate. The original Schedule B and the SOFA completely omit *Cook v. Rushmore*, the Rushmore Settlement, *Cook v. Praxis*, and the pre-petition transfer for attorneys' fees presumably made to Upright Law on account of the Rushmore Settlement. The amended Schedule B filed on November 24, 2014, fails to correct the prior omissions, and instead appears to provide further inaccurate information. If there was an "FDCPA Settlement" with a value of $1,000 as reported on the amended Schedule B, it is not clear exactly what "settlement" that is. The Rushmore Settlement from August 2014 was for approximately $3,500. The Praxis Judgment, which had been awarded (but the order not yet entered) at the time the amended Schedule B was filed, provided for $2,000 in damages to the Debtor, and was not a settlement in any event.

7

Document      Page 10 of 16

33. The occurrences in this case are part of a pattern and practice on the part of Upright Law. Beginning not later than 2014, and continuing through at least 2016, Upright Law's bankruptcy clients commonly failed to completely and timely disclose the existence of then-pending or past FDCPA lawsuits that were also filed by Upright Law as plaintiff's counsel. For instance, in this District, the U.S. Trustee is presently aware of five (5) cases other than the instant case where Upright Law represented the bankruptcy debtor as plaintiff in an FDCPA action within the year preceding the bankruptcy filing. In these five cases, the debtors' FDCPA litigation was not disclosed on a single SOFA, and the litigation was peripherally referenced in the Schedule Bs filed in only three of the five cases.

| Case Name (*In re:*) | Bankruptcy Case No. | Bankruptcy Filing Date | FDCPA Case | FDCPA Case Filing Date | FDCPA Case Dismissal Date | FDCPA related disclosure in Schedule B | FDCPA litigation disclosure in SOFA |
|---|---|---|---|---|---|---|---|
| *Martin Thomas Page* | 15-39640 | 11/20/15 | *Page v. CHM Capital Group, LLC*, Case No. 14cv10208 | 12/19/14 | 04/06/15 | None | None |
| *Adeline Marie Rejkowski* | 16-33193 | 10/18/16 | *Rejkowski v. Portfolio Recovery Associates, LLC*, Case No. 15cv2765 (case transferred to California Southern -- see 3:15cv1107) | 05/14/15 | Case pending | "Pending Class Action against Portfolio Recovery" - $500 | None |
| *Donald Brian Kick and Dawn Marie Kick* | 15-43117 | 12/23/15 | *Kick v. Portfolio Recovery Associates, LLC*, Case No. 15cv4449 | 05/20/15 | 09/02/15 | "Pending FDCPA Settlement against Portfolio Recovery with UpRight Litigation against Portfolio Recovery 312-546-4264" - $462 | None |
| *Maria Remedios Cortez* | 15-43162 | 12/23/15 | *Cortez v. Portfolio Recovery Associates, LLC*, Case No. 15cv2008 | 03/06/15 | 06/01/15 | None | None |

8

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| *Dana D. James* | 14-31820 | 08/29/14 | *James v. Portfolio Recovery Associates, Inc.,* Case No. 14cv6539 | 08/25/14 | 10/22/14 | "Potential FDCPA Claim Against Portfolio Recovery" - $1,000 | None |

In the three cases where FDCPA claims were disclosed on Schedule B, there is cause to question whether the disclosures were accurate. The U.S. Trustee is aware from litigation involving Upright Law in the Western District of Washington that the legal fees Upright Law collects for representation of debtors in FDCPA suits can be quite large relative to the recoveries obtained. For example, in five bankruptcy cases involving incomplete disclosure of FDCPA litigation discovered in the Western District of Washington, Upright Law received **at least 86%** of the settlement proceeds from each FDCPA action.[5] The frequency of the inaccuracies with respect to FDCPA actions in bankruptcy cases where Upright Law prepares the Schedule Bs and SOFAs, taken together with Upright Law's compensation relating to such claims, raises serious question as to whether the inaccuracies are by design. At a minimum, Upright Law and its agents have acted with reckless disregard for the accuracy of the Schedule Bs and SOFAs filed in bankruptcy cases involving FDCPA claims, including the accuracy of those documents in the Debtor's case.

---

[5] The five cases in the U.S. Bankruptcy Court for the Western District of Washington are: *In re Foster*, Case No. 16-12802; *In re Keating*, Case No. 15-45278; *In re Jones*, Bankr. Case No. 15-45525; *In re Stalter*, Case No. 16-40099; and *In re Mellott*, Case No. 16-43236. The Acting United States Trustee for Region 18 is presently litigating motions against Upright Law in each of these cases.

**SANCTIONS AGAINST UPRIGHT LAW ARE WARRANTED UNDER 11 U.S.C. § 526**

34. As part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 526 was added to the Bankruptcy Code. Section 526 applies to interactions between "debt relief agencies" and "assisted persons." With certain exceptions, a "debt relief agency" is any person, including attorneys, "who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration…" 11 U.S.C. § 101(12A); *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1332 (2010). Excepted from the definition of "debt relief agency" is "any person who is an officer, director, employee, or agent of a person who provides such assistance…" 11 U.S.C. § 101(12A)(A). An "assisted person" is "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825." 11 U.S.C. § 101(3). Among the explicitly enumerated prohibitions of § 526 is the following:

> (a) A debt relief agency shall not… (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading…

11 U.S.C. § 526(a)(2). If a debt relief agency violates § 526(a), and a court finds that the violation was intentional or part of a "clear and consistent pattern or practice of violating this section, the court may-- (A) enjoin the violation of such section; or (B) impose an appropriate civil penalty against such person." 11 U.S.C. § 526(c)(5). Section 526 does not displace other applicable legal authorities, and its remedies are in addition to those provided under state and federal law. *See* 11 U.S.C. § 526(c)(5) and (d). Other applicable authorities include 11 U.S.C. §§ 105 and 329, Fed. R. Bankr. P. 9011, and the Rules of Professional Conduct.

35. The representations made by the Debtor in his Schedule Bs and SOFA regarding the two FDCPA suits were not true, and Upright Law (through its agents) had actual knowledge

that the representations were not true, or, at the very least, should have known that the representations were not true upon the exercise of reasonable care. Accordingly, Upright Law violated 11 U.S.C. § 526(a)(2) in this case.

36. Occurrences in other cases where Upright Law's attorneys served as counsel for the same individual in both a FDCPA lawsuit and subsequent bankruptcy filing provides confirmation that the violations detected in this case are not isolated occurrences.

### SANCTIONS AGAINST CHERN, ALLEN, AND GALLAGHER ARE WARRANTED UNDER 11 U.S.C. § 105

37. Section 105 of the Bankruptcy Code provides the Court with authority to sanction attorneys and litigants in appropriate circumstances. *See In re Volpert*, 110 F.3d 494, 501 (7th Cir. 1997) ("[T]he plain language of § 105 furnishes the bankruptcy courts with ample authority to sanction conduct that abuses the judicial process…"); *In re Rainbow Magazine*, 77 F.3d 278 (9th Cir. 1996) ("By providing [in § 105] that bankruptcy courts could issue orders necessary 'to prevent an abuse of process,' Congress impliedly recognized that bankruptcy courts have the inherent power to sanction that *Chambers* [501 U.S. 32 (1991)] recognized exists within Article III courts."); *In re Courtesy Inns*, 40 F.3d 1084, 1089 (10th Cir. 1994) (holding "that [§] 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers*."); *see also*, *In re Ezell*, 502 B.R. 798 (Bankr. N.D. Ill. 2013) (imposing a $10,000 sanction under 11 U.S.C. § 105 against attorney who filed a fraudulent claim against his client in an attempt to collect attorney fees from a prior, unsuccessful bankruptcy case); *In re Varan,* 2014 WL 2881162, 2014 Bankr. LEXIS 2807 (Bankr. N.D. Ill. June 24, 2014) (imposing sanctions under 11 U.S.C. §§ 105 and 329 against attorneys who, among other things, knew, or should have known, that the amended Schedule Bs they filed on behalf of their client omitted his interests in certain business entities). While courts must exercise caution in using § 105 to

impose sanctions and should generally rely upon the authority provided by other statutory and procedural rules if sufficient for the situation, these authorities need not be applied "in a piecemeal fashion where only a broader source of authority is adequate to justify all the necessary sanctions." *In re Rimsat, Ltd.*, 212 F.3d 1039, 1049 (7th Cir. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50–51 (1991)). "Thus, a court may resort to § 105(a) and its inherent powers 'to ensure that all the culpable parties receive[ ] an appropriate sanction[.]'" *Varan*, 2014 WL 2881162, 2014 Bankr. LEXIS 2807, at *4 (quoting *Rimsat,* 212 F.3d at 1049 (citing *Chambers*, 501 U.S. at 50–51)).

38.   The circumstances of this case require the use of § 105(a) to ensure that all culpable conduct is adequately addressed. While redress for certain offensive aspects of this case could be sought piecemeal through multiple motions,[6] the seriousness of the misconduct and judicial economy suggest that proceeding under § 105(a) is appropriate here. This case involves, among other things: (a) the preparation and filing of two materially inaccurate sworn Schedule Bs; (b) the preparation and filing of a materially inaccurate SOFA; (c) the continued concealment and unauthorized prosecution of a lawsuit belonging to the bankruptcy estate during the pendency of the bankruptcy; and (d) a statement by counsel at the 341 Meeting that was – at best – misleading. The misconduct of Upright Law's employees in this case is severely prejudicial to the administration of justice and is egregious. The misconduct in this case is not an isolated incident as shown by the pattern of similar occurrences in other Upright Law cases. Allen and Chern, as partners responsible for the management and operations of Upright Law, and under

---

[6] For instance, the U.S. Trustee could proceed against Gallagher under Rule 9011 or § 707(b)(4)(D) for the inaccuracies in the Schedule B and the SOFA, but those provisions would provide no relief against Chern and Allen (who, the U.S. Trustee believes may be far more culpable), and would not address the post-petition conduct including the continued prosecution of *Cook v. Praxis*.

Case 14-36424    Doc 23    Filed 06/26/17    Entered 06/26/17 10:35:22    Desc Main
            Document      Page 15 of 16

whose oversight a pattern of misconduct flourished, should be held accountable for the occurrences in this case. *See In re Bradley*, 495 B.R. 747 (Bankr. S.D. Tex. 2013) (sanctioning a law firm's managing partners individually for misconduct that was part of a larger pattern in the firm's Houston office). Gallagher, as the attorney who prepared and filed the Schedule B, SOFA, and amended Schedule B, should be held accountable for his actions as well.

WHEREFORE, the U.S. Trustee requests the Court enter an order:

(A) Requiring Law Solutions Chicago LLC to disgorge and turn over to the Chapter 7 Trustee all fees collected from, or on behalf of, Charles V. Cook, Sr.;

(B) Requiring Law Solutions Chicago LLC to disgorge and turn over to the Chapter 7 Trustee all fees collected from, or relating to, *Cook v. Rushmore*;

(C) Requiring Law Solutions Chicago LLC to disgorge and turn over to the Chapter 7 Trustee all fees collected from, or relating to, *Cook v. Praxis*;

(D) Requiring Law Solutions Chicago LLC to pay a fee of not less than $5,000 to the Clerk of Court to dissuade the firm and its employees, and similarly situated law firms and attorneys, from engaging in the type of misconduct exhibited in this case;

(E) Censuring David Gallagher for his conduct in this case;

(F) Requiring David Gallagher to complete a Professional Responsibility course at an ABA approved law school within twelve (12) months;

(G) Censuring Jason Allen for his conduct in this case;

(H) Requiring Jason Allen to complete a Professional Responsibility course at an ABA approved law school within twelve (12) months;

(I) Censuring Kevin Chern for his conduct in this case;

(J) Requiring Kevin Chern to complete a Professional Responsibility course at an ABA approved law school within twelve (12) months;

(K) Requiring Jason Allen and Kevin Chern to reimburse the United States Trustee for his attorney fees and costs relating to this Motion; and

(L) Affording any other and further relief as is just.

                                                     RESPECTFULLY SUBMITTED,

                                                     PATRICK S. LAYNG
                                                     UNITED STATES TRUSTEE

Dated: <u>June 26, 2017</u>                <u>/s/ Jeffrey S. Snell</u>
                                                     Jeffrey S. Snell, Trial Attorney
                                                     Ha Nguyen, Trial Attorney
                                                     United States Department of Justice
                                                   Office of the United States Trustee
                                                   219 South Dearborn Street, Room 873
                                                   Chicago, Illinois 60604
                                                   Direct: (312) 886-0890
                                                   Facsimile: (312) 886-5794
                                                   Email: Jeffrey.Snell@usdoj.gov